IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL LANE,<br><br>    Plaintiff,<br><br>    v.<br><br>LOUIS FOLINO, SHARON L.<br>D'ELETTO, SHARON BURKS,<br>R. HAYWOOD, CAROL SCIRE,<br>RICHARD CULP, NEAL MECHLING,<br>and THOMAS L. JAMES,<br><br>    Defendants. | Civil Action No. 05-80<br>Chief Judge Donetta W.<br>Ambrose/Magistrate Judge<br>Francis X. Caiazza |

### MEMORANDUM OPINION AND ORDER

Carl Lane, a Pennsylvania state prisoner, has filed another civil suit against Pennsylvania Department of Corrections' ("DOC") employees. The Defendants have filed a Motion to Dismiss. For the reasons that follow, the motion will be granted in part and denied in part.

**A.   Relevant Procedural History**

Carl Lane, ("the Plaintiff" or "Lane"), was a state prisoner at the time he commenced this civil rights action. In his Complaint Lane names eight DOC employees as Defendants. Stated generally, he alleges civil rights claims pursuant to the provisions of 42 U.S.C. § 1983 as well as a pendent state law claim based upon a purported tortious interference with a contract. His state law claim also includes a cause of action founded on a claim of an intentional misrepresentation. However,

in his brief in opposition to the Defendants' Motion, Lane conceded that his pendent state law claims are barred by the Sovereign Immunity Act.[1] Doc. 33 at 1 ("Plaintiff does not oppose the sovereign immunity defense, the remaining arguments are opposed."). Consequently, in the order which follows, Lane's state law claims will be dismissed.

B. **Applicable Standard of Review**

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

C. **Discussion**

1. Factual Allegations of the Complaint

Lane alleges that on November 12, 2002, he was temporarily transferred from the State Correctional Institution at Greene ("SCI-Greene") to the State Correctional Institution at Pittsburgh ("SCIP") in order to attend a federal court hearing in Pittsburgh. When he was transported to SCIP, Lane was permitted to take with him one box of legal materials. On November 18, 2002, an official at SCIP inventoried Lane's possessions and packed them together before he was returned to SCI-Greene. The following

---

1. See 1 Pa. Cons. Stat. § 2310.

day, Lane was transferred back to SCI-Greene and now claims his legal materials were not included in the items returned from SCIP.

For purposes of an orderly review of Lane's action, the court will review the sequence of a series of grievances filed by the Plaintiff because they serve as the basis of his claims.

Because he was not provided with his box of legal materials, Lane filed a grievance and Defendant Carol Scire ("Scire") responded. In her response, Scire indicated that she spoke with the property officer at SCI-Greene who mistakenly informed her that Lane's box of legal materials was received from the State Correctional Institution at Graterford ("SCI-Graterford") and then forwarded to the Plaintiff, apparently by Defendant R. Haywood ("Haywood"). Doc. 35 at 14. Lane appealed his grievance to Defendant Neal Mechling ("Mechling"). Mechling responded to Lane's appeal on January 10, 2003. He stated that Haywood had possession of the Plaintiff's box of legal materials and then forwarded it -along with other items of property owned by Lane- to SCI-Greene's property room for storage because he was housed in the Restricted Housing Unit ("RHU") and was not permitted to have any items of personal property. Doc. 35 at 17. Next, Lane appealed to Defendant Thomas L. James ("James") who responded on May 2, 2003, in essentially the same manner as Mechling. Doc. 35 at 18. However, James corrected the earlier mistake -recognizing

3

that the box of legal materials was received from SCIP, not SCI-Graterford.

On Tuesday, October 28, 2003, the Plaintiff was released from the RHU and discovered that his box of legal materials was missing. Lane then initiated a second round of grievances, complaining that the box of legal materials stored by SCI-Greene personnel was not returned to him. Defendant Sharon L D'Eletto ("D'Eletto") responded and stated that the grievance was untimely because it was not filed "within fifteen . . . working days" and that the issue raised by Lane was addressed in the earlier grievances. Doc. 35 at 21. Continuing onward, the Plaintiff appealed to Defendant Louis Folino ("Folino"), who, in turn, agreed with D'Eletto and stated that the issue raised by Lane was previously addressed in the earlier grievance. Next, the Plaintiff appealed to Defendant Sharon Burks ("Burks"), who, on February 27, 2004, denied the appeal because the claim raised by Lane was previously addressed in the earlier grievance. Doc. 35 at 25.

Next, Lane alleges that on February 25, 2004, Haywood was inventorying and processing his personal items in preparation for his transfer to SCIP, when he questioned him about the lost box of legal materials. He claims that during their conversation Haywood admitted that while he was searching the box of legal materials for contraband when he initially returned from SCIP, he

4

read a civil rights complaint that Lane was preparing to file against two other corrections officers. Lane further alleges that Haywood also stated that he discarded the legal materials and when Lane filed the first grievance, he reported that he had previously forwarded the box of legal materials to Lane. Doc. 5, attach. at ¶¶ 48-51.

    2.   <u>The Plaintiff' Legal Claims</u>.

First, Lane alleges a First Amendment retaliation claim against Defendant Haywood, who purportedly retaliated against him by destroying his box of legal materials because he was preparing to file a lawsuit. He also alleges a First Amendment denial of access to the courts claim against Haywood because he purportedly destroyed his legal materials. Next, he alleges the same First Amendment denial of access to the courts claim against Defendants Scire, Culp, Mechling, James, D'Eletto, Folino and Burks because of their roles in the DOC inmate grievance system.  Doc. 5, at ¶ 47 & ¶¶ 62, 64, 66, 67, 68, 70 & 71. Continuing onward, Lane claims that the roles played by Defendants D'Eletto, Folino and Burks, with respect to his second grievance, denied him his procedural due process rights to a post deprivation remedy. Doc. 5 at ¶¶ 41-47. Finally, the Plaintiff sets out a claim under the Sixth Amendment against Haywood  -because he allegedly destroyed his legal materials (¶ 59), and against James  -because he failed to properly address his grievance appeal. Doc. 5 at ¶¶ 59 & 66.

a. <u>The Plaintiff's Sixth Amendment claims</u>

Lane alleges Sixth Amendment claims against two of the Defendants, claiming that their actions deprived him of the right to self representation in his three suits that were allegedly barred by the destruction of his legal materials. The three suits were identified as a *pro se* Section 2254 federal habeas petition, a *nunc pro tunc* appeal to the Pennsylvania Superior Court in a collateral relief proceeding and a civil rights action against two correctional officers. Doc. 6 at ¶ 18.

Here, Lane has failed to state a claim because the Sixth Amendment applies only to "criminal prosecutions" and his factual allegations all involve state collateral relief proceedings and federal habeas proceedings as well as a civil rights suit. <u>United States v. Ward</u>, 448 U.S. 242, 248 (1980)("the protections provided by the Sixth Amendment are available only in criminal prosecutions"). More specifically, the collateral relief and federal habeas proceedings are not criminal prosecutions within the ambit of the Sixth Amendment. <u>See</u>, <u>e.g.</u>, <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (8th Cir. 1994)("A habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply."); <u>Kirby v. Dutton</u>, 794 F.2d 245, 246 n.1. (6th Cir. 1986)("Courts addressing this issue have held that collateral post-conviction proceedings are civil, not criminal, proceedings so the sixth amendment

cannot apply[.]"); McCleaf v. Carroll, __ F.Supp.2d __, 2006 WL 476833, *9 (D. Del. 2006)("there is no federal or constitutional right to self-representation in a direct appeal from a criminal proceeding, and thus, by logical extension, there is also no right to self-representation during a collateral proceeding").

    b. The "Grievance Defendants"

        1. The Section 1983 Claim

Lane seeks to hold all of the defendants, other than Haywood (hereinafter, collectively referred to as "the Grievance Defendants") liable based solely on their actions or inactions in processing his grievances. However, the facts in this case cannot support a claim based on Section 1983 liability.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)(citing, West v. Atkins, 487 U.S. 42, 48 (1988)). Here, the only actions of the Grievance Defendants alleged by Lane in his Complaint are limited to their role in investigating and/or addressing his grievances. Their part in the sequence of events, however, did not serve to violate Lane's First Amendment rights because the constitutional injury sustained by the Plaintiff had already been caused by Haywood's purported action

when he discarded the box of legal materials on November 19, 2002. Doc. 5 at ¶ 30 and 49. During the grievance procedure, the denial of Lane's access to the courts was a fate already accomplished because the legal materials had already been discarded. See, e.g., Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, *4 (N.D. Ill. July 2, 2001)("of course, if the plaintiff's injury is complete at the time the grievance is filed, denying the grievance or failing to respond to it cannot be grounds for liability because it caused no injury"); Scantling v. Vaughn, NO. CIV.A. 03-0067, 2004 WL 306126, *9 (E.D. Pa. Feb. 12, 2004)("There are also no allegations showing that these defendants [whose only involvement was in the grievance process] knew of Mr. Scantling's constitutional deprivations before they saw his grievances, or that their failure to decide favorably on his grievances affirmatively **caused** any constitutional violations.")(emphasis added); Atkinson v. Hurley, NO. C-2-02-670, 2002 WL 31412441, *2 (S.D.Oh. Sept. 30, 2002) ("Prison officials whose 'only roles' involve the denial of administrative grievances or the failure to act . . . cannot be liable under § 1983.") (quoting, Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Hence, the Plaintiff's First Amendment right of access to courts claim will be  dismissed against the Grievance Defendants.

2. <u>The Procedural Due Process Claim</u>

Conducting a procedural due process analysis involves a two step inquiry: *i.e.*, whether the complaining party has a protected liberty interest and, if so, whether the process afforded the complaining party comported with constitutional requirements. <u>Shoats v. Horn</u>, 213 F.3d 140, 143 (3d Cir. 2000).

Because Lane has no liberty interest in the grievance procedures, this claim lacks merit. <u>See</u>, *e.g.*, <u>Anderson v. Colorado Dept. of Corrections</u>, 185 F.3d 873 (Table), 1999 WL 387163, *2 (10th Cir. 1999)("petitioner's allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner. The failure to conduct an investigation or respond to petitioner's grievances does not impose an atypical and significant hardship"); <u>see also</u> <u>Metcalf v. Veita</u>, 156 F.3d 1231 (Table) 1998 WL 476254, *2 (6th Cir. 1998) and <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994).

c. <u>First Amendment Retaliation Claim -Defendant Haywood</u>

The court finds that the allegations of the Complaint in which Lane states that Haywood destroyed his legal materials because he disapproved of the Plaintiff's decision to commence a law suit against two other correctional guards are sufficient to state a First Amendment retaliation claim. <u>Anderson v. Davila</u>,

125 F.3d 148, 161 (3d Cir. 1997)(setting out the elements of a retaliation claim). Also, although the Defendants raised the statute of limitations defense, the Complaint alleges that Lane became aware of Haywood's actions on February 25, 2004. He filed this action no later than January 5, 2005 -well within the two year statute of limitations applicable to this claim. <u>Smith v. Holtz</u>, 87 F.3d 108, 111 n.2 (3d Cir. 1996) (applying two year statute of limitations).

Finally, Lane alleges that Haywood denied him access to courts with respect to the three civil suits. The Defendants, in their Motion to Dismiss, argue that the Complaint fails to adequately allege an injury as required by <u>Christopher v. Harbury</u>, 536 U.S. 403, 416 (2002). However, at this procedural juncture, the court finds that Lane has satisfied the requirement that he identify and plead a non-frivolous suit. Doc. 5 at ¶ 18.

Accordingly, the Defendants' Motion to Dismiss will be denied with respect to the two First Amendment claims against Defendant Haywood. The Defendants' Motion to Dismiss will be granted with respect to the Grievance Defendants as to all of Lane's claims. An Order follows:

### ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED** in part and **DENIED** in part as follows: **GRANTED** as to all Sixth Amendment claims against all defendants; **GRANTED** as to all claims

against the Grievance Defendants; **GRANTED** as to the procedural due process claim; **DENIED** as to the two First Amendment claims against Defendant Haywood, namely, the retaliation claim and the denial of access to courts claim. Finally, the Motion to Dismiss is **GRANTED** with respect to the pendent state law claims.

    **IT IS SO ORDERED** this 21st day of March, 2006.

_____
Donetta W. Ambrose
Chief United States District Judge


cc:   Francis X. Caiazza
      United States Magistrate Judge

      Carl Lane
      AS-1293
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Craig E. Maravich
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219